UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SWEET,

        Petitioner,         Case No. 1:11-cv-861

v.         Honorable Robert J. Jonker

CAROL HOWES,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because it appears that Petitioner is in the process of exhausting his unexhausted claims through a motion for relief from judgment filed in state-court proceedings, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

    I.        Factual allegations

Petitioner Michael Sweet is a state prisoner incarcerated by the Michigan Department of Corrections and housed at the Lakeland Correctional Facility (LCF) in Coldwater, Michigan. In 2008, Petitioner pleaded guilty on four counts: (1) assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, (2) armed robbery, MICH. COMP. LAWS § 750.529, (3) felony-firearm, MICH. COMP. LAWS § 750.227b, and (4) possession of a firearm by a felon, MICH. COMP. LAWS § 750.224f. On October 8, 2008, the Ingham County Circuit Court sentenced Petitioner to concurrent terms of incarceration of 16 to 35 years for the first count, 16 to 35 years for the second count, and three to seven-and-a-half years for the fourth count. The court also sentenced Petitioner to a two-year term for the third count, to be served consecutively to his other sentences.

On August 16, 2011, Petitioner filed a "notice" with the Court indicating that he intended to file a habeas petition after he exhausted his state remedies with respect to all of the grounds that he intended to raise in a habeas petition under § 2254. He indicated that he had raised his unexhausted claims in a motion for relief from judgment in state court under Rule 6.508(D) of the Michigan Court Rules. He requested a stay because that motion was still pending and he needed time to prepare a habeas petition for this Court after the state court issued a final judgment on his motion. On September 9, 2011, and October 7, 2011, the Court ordered Petitioner to submit an amended petition setting forth all of his claims on the proper form. Petitioner filed a second amended petition in accordance with the Court's order on November 8, 2011 (docket #9).

Petitioner asserts ten grounds for relief in his second amended petition, nine of which were raised for the first time in his motion for relief from judgment.

II.  Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner asserts that only one ground for relief was raised on direct appeal to the Michigan Court of Appeals and the Michigan Supreme Court, and the other nine grounds were raised for the first time in a subsequent motion for relief from judgment. The circuit court and the Michigan Court of Appeals denied the motion for relief from judgment on May 19, 2011 and October 4, 2011, respectively, but Petitioner claims that he intends to file an appeal with the Michigan Supreme Court. Thus, to date, nine of Petitioner's grounds for relief have not been

exhausted.

Because Petitioner has one claim that is exhausted and others that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to exhaust state-court remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). Thus, the Court will consider whether dismissal of Petitioner's application would jeopardize the timeliness of a subsequent petition and, if so, whether a stay of this action is warranted.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on January 29, 2010. Petitioner did not petition for certiorari to the United States Supreme Court, though the

ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Thursday, April 29, 2010.  Accordingly, absent tolling, Petitioner had one year, until April 29, 2011, in which to file his habeas petition.  Petitioner filed his motion for relief from judgment in state court on April 12, 2011, when there were approximately 17 days remaining in the one-year limitations period.  The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Thus, it appears that Petitioner's motion for relief from judgment tolled the statute of limitations, and the limitations period will remain tolled as long as the motion remains pending in state-court proceedings.

The *Palmer* Court has indicated that 30 days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721.  In the instant case, Petitioner will not have the necessary 30 days to return to this Court before expiration of the limitations period.[1]  As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts.  *See Rhines v. Weber*, 544 U.S. 269, 277

---

[1] Petitioner would have approximately 17 days in which to return to this Court after a final decision by the Michigan Supreme Court.

(2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Upon review, the Court concludes that Petitioner's claims are not plainly meritless, there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics, and there is sufficient cause to warrant the grant of a stay.

An Order consistent with this Opinion will be entered.


Dated:    November 23, 2011            /s/ Robert J. Jonker
                                                              ROBERT J. JONKER
                                                              UNITED STATES DISTRICT JUDGE